IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JIMMY DEAN,

        Petitioner,

vs.                                       No. CIV 99-501 JP/LFG

JOE WILLIAMS,

        Respondent.

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION[1]

### Findings

1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed May 3, 1999. Respondent filed his Answer [Doc.12] on July 9, 1999. Petitioner Jimmy Dean ("Dean"), currently confined in the Lea County Correctional Facility located at Hobbs, New Mexico, challenges the judgment and sentence entered by the Fifth Judicial District Court in State v. Dean, No. CR 94-10G (County of Lea, New Mexico). On April 18, 1994, a jury found Dean guilty of shoplifting and battery. He appealed, and his conviction was affirmed by the New Mexico Court of Appeals on June 28, 1995. Dean filed a state habeas petition on March 17, 1998. His petition was dismissed on April 3, 1998.

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommenda-tions. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

2. As grounds for federal habeas review, Dean alleges the State violated his due process rights by denying him pre- and post-sentence confinement time, by confining him to a county detention center instead of a state penitentiary, and by misleading the Department of Corrections as to the date of his conviction.

3. Respondent contends, inter alia, that Dean's claims are barred by the one-year limitation period in 28 U.S.C. § 2244(d).

4. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, § 101, 110 Stat. 1321 (codified at 28 U.S.C. § 2244(d)), amended federal habeas corpus procedures by adding a one-year statute of limitations for § 2254 petitions. AEDPA became effective on April 24, 1996. See, United States v. Simmonds, 111 F.3d 737, 745 n.10 (10th Cir. 1997). A prisoner whose conviction became final before AEDPA took effect has one year, until April 24, 1997, to file his federal habeas petition; however, the limitations period is tolled by any time spent pursuing state post-conviction relief. 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998).

5. A conviction becomes final by conclusion of direct review or expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). Dean's conviction was affirmed by the New Mexico Court of Appeals on June 28, 1995. "Major Events" summary in Cause No. CR 94-10, at 6 (unnumbered exhibit attached to Dean's petition). The conviction became final 20 days later, on July 18, 1995, when the time expired for filing a petition for certiorari in the New Mexico Supreme Court. N.M.S.A. (1978) § 34-5-14(b); N.M. R. App. P. 12-502 (B) (SCRA 1999). Thus, because his conviction became final prior to April 24, 1996, the effective date of AEDPA, his petition for federal habeas relief should have been filed by April 24, 1997 in order to be timely, subject to tolling

for any time during which an application for state post-conviction relief or other collateral review was pending. 28 U.S.C. § 2244(d)(2).

6. Dean filed a petition for state habeas corpus on March 17, 1998. Exhibit D to Respondent's Answer, at 1-6. The petition was dismissed on April 3, 1998. Exhibit D to Respondent's Answer, at 10-11. This tolls the limitations period for 17 days, bringing forward to May 12, 1997 the deadline for filing a petition for federal habeas relief. Dean's federal petition was filed on May 3, 1999, almost two years after the limitation period had expired.

7. Dean notes in his petition that he filed more than one post-conviction motion regarding his sentence. Although the exact number and timing of these petitions is not clear from the petition, the "Major Events" summary in Cause No. CR-94-10, attached to Dean's petition, indicates (at pp. 5-6) that he filed three post-conviction motions regarding his sentence, as follows: On February 1, 1995, he filed two motions, one for modification of his sentence, the other for reconsideration of his sentence; both were denied on the day they were filed. On September 20, 1995, Dean filed another motion to modify the sentence; this motion was denied on February 26, 1996. Even if these motions are to be considered "other collateral review with respect to the pertinent . . . claim," which tolls the limitation period under 28 U.S.C. § 2244(d)(2), an issue which the Court finds it unnecessary to decide, their pendency would add only 155 days to the limitations period, thus extending the filing deadline to October 14, 1997. See, Hullum v. Maloney, 14 F. Supp. 2d 164, 165 n.1 (D. Mass. 1998). Thus, Dean is not relieved of his limitations problem.

8. Dean has not demonstrated any reason for delaying accrual of the limitation period under 28 U.S.C. §§ 2244(d)(1)(B) - (D) (other than that discussed below in ¶¶ 9-12), nor any ground for equitably tolling the limitations period. See, Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert.

denied, 119 S. Ct. 210 (1998). While Dean's pro se pleadings are to be liberally construed, his pro se status alone does not justify his failure to timely file his § 2254 petition. Quate v. Hargett, No. 98-6366, 1999 WL 288908, at *3 (10th Cir. May 10, 1999).

9. On July 23, 1999, Dean submitted a Motion to Amend the Petition to 28 U.S.C.-2241 [Doc. 14], stating that he intended to file his federal habeas corpus petition under 28 U.S.C. § 2241 but inadvertently labeled it a § 2254 petition. He argues that under § 2241, the AEDPA limitation does not apply. Dean does not state any grounds for wishing to change the characterization of his habeas petition, other than his assertion that he inadvertently failed to cite the correct heading in his original petition, which he filled out using standard court forms.

10. Dean's characterization of his claim as one arising under § 2241 rather than under § 2254 is not dispositive. Roman-Nose v. New Mexico Dept. of Human Services, 967 F.2d 435, 437 (10th Cir. 1992) (the characterization of the action and the claim for relief by a pro se litigant is not dispositive on the availability of relief in federal court); Brown v. Smith, 828 F.2d 1493, 1494 (10th Cir. 1987) (liberally construing a complaint filed under § 1983 as a § 2241 petition). In any case, the difference between petitions brought under § 2241 and those under § 2254, when petitioner is in state custody, is not particularly clear:

> Since 1948, the primary way state prisoners have challenged the validity of their sentences is under § 2254. [Fn] Unlike the clear division between § 2255 and § 2241 for federal prisoners, the circumstances under which a state prisoner can bring a § 2241 petition have not been well-defined . . . This lack of precision lends credence to the theory that there is no conceptual difference between § 2241 and § 2254 for claims dealing with the validity of a sentence – the two statutes are essentially co-extensive . . . there is no case law to support the assertion that state prisoners have access to § 2241 in the case where remedy under § 2254 is inadequate.

Deborah L. Stahlkopf, *A Dark Day for Habeas Corpus: Successive Petitions Under the Antiterrorism and Effective Death Penalty Act of 1996*, 40 Ariz. L. Rev. 1115, 1121 (1998). Although the question is far from settled where state petitioners are concerned, the Tenth Circuit has stated in dicta that § 2241 is meant to be used for challenges to official action affecting execution of sentence, whereas § 2254 is meant to challenge imposition of sentence and conviction, Moore v. Perrill, 39 F.3d 1192, 1994 WL 628939, at *4, n.4 (10th Cir. Nov. 10, 1994) (unpublished table decision).

11. Also unsettled is the question whether the one-year limitations period of AEDPA is applicable to petitions brought under § 2241, when petitioner is in state, rather than federal, custody. Congress did not amend § 2241 to include a limitations period, and it is clear that federal prisoners proceeding under § 2241 are not subject to the AEDPA limitation. However, the situation is different for state prisoners. The § 2244(d) statute of limitations applies to all "application[s] for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Thus, by its terms, the one-year statute of limitations applies to claims under § 2254 and as well as those brought by state prisoners under § 2241.

13. When the alleged constitutional violations are based on execution of the sentence, as they might be under § 2241, the violations could well have occurred long after the conviction. Thus, the limitations period would start to run, not on the date the judgment of conviction became final, but rather on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D), since this would be the "the latest of" the accrual dates, as required by the statute.

14. Congress could have provided explicitly in AEDPA that the one-year limitations period for state prisoners is restricted to claims brought under § 2254. It it did not do so. The Court can

5

discern no policy basis for making a distinction between cases brought under § 2254 and § 2241, for purposes of the statute of limitations, even though Congress did so for federal prisoners. Any concerns about unfairness, raised by the fact that constitutional violations affecting execution of a sentence tend to occur later than the date on which the conviction becomes final, can be addressed by applying the accrual date based on "discovery of the factual predicate." Allowing habeas corpus petitioners in state custody to change the label of their petitions in order to avoid the statute of limitations could prompt a spate of cases requiring the courts to make fine distinctions between state § 2241 and § 2254 petitions, distinctions which heretofore have not been well-defined by statute or case law. It is unlikely that Congress intended to require the courts to address this issue as a prerequisite to determining whether the statute of limitations of § 2244(d) applies. Thus, the Court finds that § 2241 petitions brought by persons in state custody, as well § 2254 petitions, are subject to the one-year limitations period of 28 U.S.C. § 2244(d).

13. It is clear from the record that Dean was aware of the "factual predicate" of all claims almost as early as the date the conviction became final. Thus, even considering all tolling periods as noted above, Dean could not avoid the limitations bar even if his motion were granted. Dean was aware of the factual predicate of Claim One, at the latest, in September 1995. See Motion to Modify Sentence, No. CR 94-10G, Exhibit C to Respondent's Answer. He was aware of the factual predicate of Claim Two ten months after his conviction or, at the latest, September 1995. See Petition, at 7; Judgment and Sentence, No. CR 94-10G, Exhibit A to Respondent's Answer. He was aware of the factual predicate of Claim Three at the time of the Judgment and Sentence, November 1, 1994. See Petition, at 9.

14. Thus, amending the petition would not change the fact that the statute of limitations has run, and for that reason the motion to amend [Doc. 14] is denied.

15. Dean also submitted a motion for appointment of counsel [Doc. 3]. This motion is denied as moot.

## **Recommended Disposition**

That the petition be denied and the action be dismissed with prejudice, and Dean's motion for appointment of counsel [Doc. 3], and his motion to amend the petition [Doc. 14], be denied.

_____
Lorenzo F. Garcia
United States Magistrate Judge